UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ALFREDO ESCOBAR PRECIADO,

Petitioner,

v.

WARDEN, GOLDEN STATE ANNEX
DETENTION FACILITY,

Respondent.

No.  1:26-cv-04170-DAD-AC (HC)

ORDER GRANTING PETITION FOR WRIT
OF *HABEAS CORPUS*, GRANTING MOTION
TO PROCEED *IN FORMA PAUPERIS*,
DENYING MOTION FOR TEMPORARY
RESTRAINING ORDER AS MOOT, AND
DENYING MOTION TO APPOINT
COUNSEL AS MOOT

(Doc. Nos. 1, 2, 3, 4)

On June 1, 2026, petitioner Alfredo Escobar Preciado, a federal immigration detainee proceeding *pro se*, filed a petition for writ of *habeas corpus*, a motion for temporary restraining order, a motion to proceed *in forma pauperis*,[1] and a motion to appoint counsel.  (Doc. Nos. 1, 2, 3, 4.)  On June 2, 2026, the court issued an order setting a briefing schedule on the pending motion for temporary restraining order.  (Doc. No. 8.)  In that same order, the court directed respondent to indicate in respondent's opposition whether this case is substantively distinguishable from the circumstances addressed in several of the court's prior orders.  (*Id.*)  The

---

[1]  Petitioner's application makes the showing required by 28 U.S.C. § 1915(a)(1) and is therefore granted.

1

court further indicated that it would rule directly on the merits of the underlying petition if it determined that it would grant the motion for temporary restraining order and directed respondent to provide substantive reasons in support of any objection that respondent had to the court taking such action. (*Id.*)

On the same day, respondent filed an opposition to the pending motion. (Doc. No. 10.) Therein, respondent states "there do not appear to be any substantive factual or legal issues in this case that materially distinguish it from the cases identified in the Order." (*Id.* at 2) (citing Doc. No. 8). Nonetheless, respondent argues that petitioner is an "applicant for admission" subject to mandatory detention by ICE pursuant to 8 U.S.C. § 1225(b)(2) because petitioner "entered the United States illegally." (*Id.* at 1.) Respondent has further requested the court to both resolve the merits of the underlying petition "on the current briefing and without a hearing[]" and "not enjoin ICE from imposing reasonable conditions of supervision" if the court orders petitioner's immediate release from custody. (*Id.* at 1–2.)

Petitioner alleges that he entered the United States in 1989. (Doc. No. 1 at 5.) He further alleges that he was issued a social security card and work permit in 2024. (*Id.*) Petitioner contends, and respondent does not dispute, that he was arrested while attending an adjustment of status interview on May 12, 2026 without any prior warning. (*Id.* at 6; Doc. No. 2 at 2.)

Petitioner argues that his detention is unlawful because respondent has not provided him with a bond hearing. (Doc. No. 1 at ¶¶ 48–49.) He further alleges that the government has detained him pursuant to 8 U.S.C. § 1225(b), so, absent court intervention, he lacks any statutory or regulatory avenue to obtain a bond hearing before a neutral adjudicator. (*Id.* at ¶¶ 21–22.)

Pursuant to the reasoning set forth in its prior order in *Quichimbo-Jimenez v. Warden, Cal. City Corr. Ctr.*, No. 2:26-cv-00739-DAD-EFB, 2026 WL 679378, at *1–2 (E.D. Cal. Mar. 10, 2026), the court concludes that petitioner can only be detained pursuant to 8 U.S.C. § 1226(a), not § 1225(b) as respondent argues. Further, because respondent has failed to offer any alternative authority to justify petitioner's detention, the court concludes that the appropriate remedy under the circumstances is to order petitioner's immediate release from custody. *See J.P.C. v. Chestnut*, No. 1:26-cv-02108-DAD-JDP, 2026 WL 788129, at *2 (E.D. Cal. Mar. 20, 2026); *Valencia*

2

*Cardenas v. Chestnut*, No. 1:26-cv-02073-DAD-SCR (HC), 2026 WL 785871, at *1 (E.D. Cal. Mar. 20, 2026).[2]

With respect to respondent's request that the court not enjoin respondent from imposing conditions of supervision on petitioner upon his release from custody, respondent fails to cite any legal authority to support the proposition that the government may impose any conditions on someone that has been unlawfully detained for several weeks.  To be sure, a non-citizen with pending removal proceedings may be detained pursuant to 8 U.S.C. § 1226(a) and subsequently release on conditional parole.  *See* 8 U.S.C. § 1226.  However, respondent does not argue that petitioner is subject to detention pursuant to § 1226(a) and does not provide evidence that petitioner was arrested "on a warrant" as is required for detention pursuant to that provision.  *See A.E.R.T. v. Wofford*, No. 1:25-cv-01824-KES-SKO (HC), 2025 WL 3645297, at *2 n.1 (E.D. Cal. Dec. 16, 2025) (collecting cases holding that a noncitizen may not be detained pursuant to 8 U.S.C. § 1226(a) where arrested in the absence of a warrant).  Accordingly, the court cannot identify any applicable legal authority which would authorize respondent to impose conditions of release on petitioner and must therefore reject respondent's request in this regard.

For the reasons stated above,

1.    Petitioner's petition for writ of *habeas corpus* (Doc. No. 1) is GRANTED as follows:

a.    Respondent is ORDERED to immediately release petitioner Alfredo Escobar Preciado, A-File No. 070-220-594, from respondent's custody;

b.    Respondent is ENJOINED and RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without written notice and a hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a);

/////

/////

---

[2]  While not directly raised by either party, the court notes that the government's decision to take petitioner into custody while petitioner was attending an adjustment of status appointment is also a violation of the Immigration and Nationality Act.  *See Franco v. Meyer*, No. 1:25-cv-01620-DAD-CKD, 2025 WL 3280782, at *2 (E.D. Cal. Nov. 25, 2025).

3

2.     Petitioner's motions for a temporary restraining order (Doc. No. 2) and to appoint counsel (Doc. No. 4) are DENIED as having been rendered moot by this order granting the petition for writ of *habeas corpus*;

3.     Petitioner's motion to proceed *in forma pauperis* (Doc. No. 3) is GRANTED; and

4.     The Clerk of the Court is directed to serve the Golden State Annex detention facility with a copy of this order; and

5.     The Clerk of the Court is also directed to enter judgment in favor of petitioner and to close this case.

IT IS SO ORDERED.

Dated:    **June 3, 2026**                    _____
                                         DALE A. DROZD
                                         UNITED STATES DISTRICT JUDGE